## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **CHRISTOPHER DEVINE,** *individually and on behalf of all others similarly situated*, | ) ) ) | |
| | ) | **Civil Action No.** _____ |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **THE PHILADELPHIA INQUIRER, LLC,** | ) ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that defendant the Philadelphia Inquirer, LLC (the "Inquirer"), by and through its undersigned counsel, hereby removes, with reservation of all defenses, the above-captioned action from the Court of Common Pleas of Philadelphia County, Pennsylvania to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§ 1332(d), 1441(a), 1446, and 1453(b).  In support of this Notice of Removal, Inquirer states as follows:

## I.      BACKGROUND

1.      This case was originally filed in the Court of Common Pleas of Philadelphia County, Pennsylvania on or about May 3, 2024 under Case Number 24050084.  A copy of the Notice to Defend and the complaint (the Complaint") is attached as **Exhibit A**.

2.      Plaintiff filed an amended (the "Amended Complaint") in the Court of Common Pleas of Philadelphia County, Pennsylvania, on or about May 16, 2024. A copy of the Amended Complaint is attached as **Exhibit B**.

3.      The Inquirer agreed to accept service of the Complaint on or about May 16, 2024.

4.      In the Amended Complaint, Plaintiff is asserting individual claims against the Inquirer arising from an alleged security incident that occurred on or about May 11, 2023.  Ex. B, ¶¶ 6-7.

5.      Plaintiff also is seeking to assert claims on behalf of a putative class (the "Putative Class") that he defines as people "whose private information was maintained on Defendant's computer systems that were compromised in the data breach by Defendant in May 2023."  *Id.*, ¶ 153.

6.      In the Amended Complaint, Plaintiff alleges the Inquirer failed to properly secure and safeguard sensitive information it collected and maintained as part of its regular business practices.  *Id.*, ¶3.

7.      Plaintiff alleges that as a result of Inquirer's failure to properly secure sensitive information, an unauthorized actor was allegedly able to access and exfiltrate private information belonging to him and members of the Putative Class. *Id.*, ¶7.

8.    Plaintiff asserts claims against the Inquirer, both individually and on behalf of the Putative Class, for negligence, negligence *per se,* invasion of privacy, unjust enrichment, violation of the Breach of Personal Information Notification Act, 73 Pa. Stat. Ann. §2301 *et seq.* ("BPINA"), and violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), 73 Pa. Stat. Ann. §201-1 *et seq.  See id.*, Counts I–VI.

9.    Plaintiff alleges, among other things, that he and the Putative Class members are entitled to recover the greater of actual monetary damages or $100, treble damages, and reasonable attorneys and costs.  *Id.,* ¶251.

10.    Plaintiff also alleges that each of the class members are at an increased risk of fraud and identify theft and will therefore require credit monitoring and identity theft monitoring which can cost around $200 a year per class member. *Id.*, ¶¶138-39.

11.    Plaintiff alleges further that he and the Putative Class Members are entitled to recover, among other things, injunctive relief, compensatory damages, pre-judgment interest, post-judgment interest, restitution, all other forms of equitable monetary relief, and an award of reasonable attorneys' fees, expenses and costs of suit   *See* Ex. A, Prayer for Relief.

## II.    GROUNDS FOR REMOVAL

-3-

12.     As of the date of this Notice of Removal, the Notice to Defend and the Complaint and the Amended Complaint constitute all pleadings, process, and other documents served upon the Inquirer in this matter.

13.     This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is being filed within thirty (30) days of May 16, 2024, which is the date when the Inquirer was served with the Complaint.

14.     The filing of the Notice of Removal in this Court is appropriate because the United States District Court for the Eastern District of Pennsylvania is the District where the state court action is pending. *See* 28 U.S.C. §§ 1446(a) and 1441(a).

15.     Removal is proper under 28 U.S.C. §§ 1441, 1453(b), and 1446 because this Court has diversity jurisdiction over this matter under 28 U.S.C. § 1332(d)(2).

16.     Under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA"), this Court has jurisdiction because this matter involves a putative class action, and: (i) at least one member of the putative class is a citizen of a state different from the Philadelphia Inquire ("Minimum Diversity"); (ii) the number of proposed class members is 100 or more; and (iii) the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6).

-4-

**A.     *The Minimum Diversity requirement for removal is satisfied.***

17.     Defendant Philadelphia Inquire is a Delaware limited liability company with its principal place of business located in Philadelphia, Pennsylvania.  Ex. A, ¶ 16.

18.     Plaintiff Christopher Devine alleges he is a citizen of the State of Tennessee.  *Id.*, ¶ 15.

19.     The Putative Class is alleged to consist of "all persons in the United States whose Private Information was maintained on Defendant's computer system that were compromised in the Data Breach experienced by Defendant in May 2023."  *Id.*, ¶ 153.

20.     At least one member of this Putative Class is a citizen of a State other than Pennsylvania. *See id.*

**B.     *The numerosity requirement for removal is satisfied.***

21.     Plaintiff alleges in the Amended Complaint that thousands of individuals were impacted in the Data Breach and cites to a report submitted to the Office of the Main Attorney General.  *Id.*, ¶156.  According to the report that the Inquirer submitted to the Office of the Maine Attorney General, there were 25,549 persons potentially impacted in the security incident.[1]

---

[1] *See* https://apps.web.maine.gov/online/aeviewer/ME/40/f07aadc1-ab81-4189-8f92-a3606d0b4a2e.shtml.

22.    A fair reading of the Amended Complaint reveals that the number of members in the putative class exceeds 100.  *Id.*

**C.    The amount in controversy requirement for removal is satisfied.**

23.    Although the Amended Complaint does not demand a precise amount of damages, a reasonable reading of the Complaint and this Notice of Removal reveals that the amount in controversy in this action easily exceeds $5 million in the aggregate.  *See Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144 (3d Cir. 2009) ("In removal cases, the court begins evaluating jurisdiction by reviewing the allegations in the complaint and in the notice of removal."); *see also Frederico v. Home Depot*, 507 F.3d 188, 196 (3d Cir. 2007) ("Because the complaint may be silent or ambiguous on one or more of the ingredients needed to calculate the amount in controversy, a defendant's notice of removal serves the same functions as the complaint would . . .").

24.    When the amount in controversy is premised on allegations in the plaintiff's complaint, then "jurisdictional facts are not expressly in dispute between the parties for the purpose of determining CAFA jurisdiction," *Hoffman v. Nat. Factors Nutritional Prods.*, Civil Action No. 12-7244-ES-SCM, 2013 U.S. Dist. LEXIS 140931, at *8 (D.N.J. Aug. 27, 2013), and the amount-in-controversy requirement is satisfied "unless it appears, to a legal certainty, that the plaintiff was never entitled to recover the jurisdictional amount," *Kaufman*, 561 F.3d at 151.

-6-

25.     Plaintiff alleges, among other things, that he and the Putative Class members are entitled to recover the greater of actual monetary damages or $100, treble damages, and reasonable attorneys and costs. *Id.,* ¶ 251.

26.     Plaintiff also alleges that each of the class members are at an increased risk of fraud and identify theft and will therefore require credit monitoring and identity theft monitoring which can cost around $200 a year per class member. *Id.*, ¶¶138-39.

27.     A reasonable reading for Plaintiff's Amended Complaint and the report filed with the Office of the Maine Attorney General reveal that 25,549 persons were impacted by the security incident. *See supra* at paragraph 21 n.1.

28.     Assuming that all members of the Putative Class required credit and identify theft monitoring for a single year, Plaintiff seeks to recover approximately $5,109,800 (25,549 x $200) for the cost of credit monitoring alone.  In addition, Plaintiff alleges that he and the Putative Class members are entitled to recover no less than $100 each in damages, which would increase the amount in controversy by an additional $2,549,000 (25,490 x $100).  These amounts exceed the jurisdictional amount in controversy requirement under 28 U.S.C. § 1332(d).

-7-

172075931v2

29.     Because this case satisfies the requirements under 28 U.S.C. § 1332(d)(2), this action is removable to the United States District Court for the Eastern District of Pennsylvania.

30.     Written notice of this Notice of Removal shall be given to Plaintiff and a copy shall be filed with the Court of Common Pleas of Philadelphia County, Pennsylvania pursuant to 28 U.S.C. § 1446(d).

WHEREFORE, Defendant the Philadelphia Inquirer LLC removes this action to the United States District Court for the Eastern District of Pennsylvania.

Date: June 7, 2024                    /s/ *Angelo A. Stio III*
                                      Angelo A. Stio III
                                      **TROUTMAN PEPPER HAMILTON**
                                      **SANDERS LLP**
                                      301 Carnegie Center, Suite 400
                                      Princeton, New Jersey 08543
                                      (609) 951-4125

                                      *Attorneys for Defendant The Philadelphia Inquirer*
                                      *LLC*

-8-

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 7, 2024, the foregoing was filed electronically. Notice of this filing will be sent to the below listed attorneys of record by email and first-class mail. The parties may also access this filing through the Court's system.

**SHUB & JOHNS LLC**
Benjamin F. Johns
Samantha E. Holbrook
Four Tower Bridge
200 Barr Harbor Drive,
Suite 400
Conshohocken, PA 19428
Phone: (610) 477-8380
bjohns@shublawyers.com
sholbrook@shublawuers.com

**MARKOVITS, STOCK & DE MARCO, LLC**
Terence R. Coates
119 E. Court Street, Suite 530
Cincinnati, OH 45202
Phone: (513) 651-3700
tcoates@msdlegal.com

*Attorneys for Plaintiff Christopher Devine*

<u>*/s/ Angelo A. Stio III*</u>
Angelo A. Stio III